ROYAL INS. CO. *v.* FRANK WATERS, ET AL.

**Insurance Policy—Arbitration.**

> A written stipulation in an insurance policy that where a difference shall arise relative to the amount of the loss and there is no fraud suspected such difference shall be submitted to arbitration, does not require that any other question concerning recovery on the policy shall be submitted to arbitration.

OPINION BY JUDGE COFER:

The express stipulation is, "If any difference shall arise with respect to the amount of any claim for loss or damage by fire, and no fraud suspected, such difference shall be submitted to arbitrators," etc. This manifestly contemplated cases in which the only matter of dispute was "with respect to the amount of the loss," and to apply it in a case like this, where the company denies that those claiming under the policy have any interest in the subject, and denies their

right to receive compensation for the loss sustained by the destruction of the property insured, would be unreasonable.

The first question which arises when a claim is made on account of a loss is whether the person claiming is the person insured, and when that is disputed it would be most unreasonable to suppose that the parties intended, by the 13th condition, to provide that the claimant should enter into an arbitration while his right to anything was disputed, and take the risk of being compelled afterward to bring suit in order to establish his right to the sum awarded by the arbitration. The parties cannot have intended, when they entered into the agreement, that it should apply in such a case.

Counsel conceded that the question, whether the appellees were the heirs of Thomas H. Waters and owners of the property, was preliminary to a final settlement and payment, because of the necessity for a good receipt. But they say, "There has been no controversy on this matter prior to the suit, and the plaintiffs had no such excuse for violating their contract and bringing this suit"; and again they say, "It was not a matter about which there either had been, or ought to have been any dispute"; and again "The entire correspondence between the parties is in the record, and the court cannot fail to see that the one point in controversy was the amount of the loss."

We must look to the pleadings, and not to the evidence, to ascertain the matters in dispute, and we must assume that when the appellant filed its answer it did not deny facts it had previously admitted, but that it said then just what it had previously said, and what it would have said upon a proposition to refer, or if not, upon being applied to to pay the award, viz.: that it had "no knowledge or information sufficient to form a belief that the plaintiffs are the heirs of Thomas H. Waters, or that C. V. Waters is the executor of Thomas H. Waters, deceased, * * * or the interest of plaintiffs or any of them, under any such will."

It may be that this was not a matter about which there ought to have been any dispute, but we are forced to assume that the appellant intended to make dispute about it; and, if its answer was true, it ought to have made dispute, for it did not know that the appellees were the persons entitled to receive whatever it was bound to pay.

If appellant's counsel are right in their conclusion as to the legal effect of the 13th clause of conditions indorsed on the policy (a question on which we express no opinion), the petition was bad, and the demurrer should have been sustained; but when the answer came, showing that the company denied that the plaintiffs had any interest

in the policy, and thereby showed that the amount of loss was not the only question in issue, it showed that they were not bound to offer to submit to arbitrators, and therefore that they had a cause of action in the petition aided by the answer; and as the clause for arbitration could not, as the case then stood, interpose an obstacle to the prosecution of the 'suit, the demurrer to the third paragraph of the answer was properly sustained.

Petition *overruled*.

*Breckenridge & Shelby, for appellant.*
*Frank Waters, for appellees.*